Paul Gattone
State Bar # 012482
Ashley Gilpin
State Bar # 029634
LAW OFFICE OF PAUL GATTONE
312 S. Convent
Tucson, Arizona  85701
(520) 623-1922
**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF ARIZONA

MARIO VALENCIA,

    Plaintiff,

vs.

TOWN OF MARANA, an Arizona
municipality, MARANA POLICE CHIEF
TERRY ROZEMA, in his individual and
official capacity MARANA POLICE
OFFICER RAPIEJKO #435, in his
individual and official capacity,

    Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No.

**CIVIL RIGHTS COMPLAINT
FOR DAMAGES**

(Jury Trial Requested)

Comes now the Plaintiff who alleges:

**INTRODUCTION**

1.   This civil action for damages is based on emotional harm inflicted on the Plaintiff by the Defendants while acting in their capacity as law enforcement officers and governmental agents of the Marana Police Department.  Defendants deprived Plaintiff of his civil and constitutional rights as guaranteed under the Fourth and Fourteenth Amendments of the United States Constitution. This civil action for money damages is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and of the Constitution of the State of Arizona.

- 1 -

2.       This Court also has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and pursuant to its pendent jurisdiction over all claims arising under state law.

**PARTIES**

3.       Plaintiff Mario Valencia was, at the time of the incidents alleged, a resident of Pima County.

4.       Defendant Town of Marana is, and at all times relevant to the facts alleged herein was, a municipal corporation, duly organized and existing under the laws of the State of Arizona. Defendant Town of Marana is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Marana Police Department and its agents and employees.  At all times relevant to the facts alleged herein, the Town of Marana was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of the Marana Police Department and its employees complied with the laws and Constitution of the United States and of the State of Arizona.  The constitutional violations and torts committed by the Defendants resulted from policies and customs of the Town of Marana.

5.       Defendant Marana Police Department Chief Terry Rozema was, and is at all times relevant to the facts alleged herein, the chief of the Marana Police Department acting within the course and scope of his employment and under color of state law.

6.       Defendant Marana Police Department Officer Rapiejko #435 was, and is at all times relevant to the facts alleged herein, a duly appointed deputy of the Marana Police Department acting within the course and scope of his employment and under color of state law.

7.       At all times relevant to the facts alleged herein, all individual Defendants were duly appointed, qualified and sworn personnel and/or agents of the Marana Police Department employed

as such and by the Department and acting within the course and scope of their employment and/or agency and under color of state law.

8.    All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as agent, employee or under the direction and control of the others.  All such acts and failures to act were within the scope of such agency and/or employment and under color of law, and each Defendant participated in, approved and/or ratified the acts and omissions of other Defendants complained of herein.

9.     Plaintiff sues all Defendants in their individual and official capacities.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION**

10.    On February 19, 2015, Plaintiff entered a Wal-Mart within Pima County.

11.    While he was in Wal-Mart, Plaintiff allegedly came into the possession of a rifle.

12.    Following this, Plaintiff left the store, allegedly in possession of the same rifle.

13.    Following his departure from the store, officers of the Marana Police Department began pursuing Plaintiff as he was walking on foot away from the store.

14.    Defendant Rapiejko was involved in the Marana Police Department's pursuit of Plaintiff.

15.    Video from Defendant Rapiejko's dash cam shows him driving his vehicle during the pursuit of Plaintiff.

16.    In the audio portion of this same video a radio transmission can be heard ordering Defendant Rapiejko and all officers pursuing Plaintiff to "stand down."

17.    This order to the pursuing officers was made by the officer presumably in charge of the pursuit.

- 3 -

18. However, Defendant Rapiejko clearly disregarded this order and began to accelerate passing the vehicle of another Marana Police Department patrol vehicle.

19. Defendant Rapiejko continues to accelerate and aims his vehicle directly at Plaintiff and, while driving at a high rate of speed, crashes his car into the backside of Plaintiff, sending him flying off the windshield.

20. It is clear from the dash cam video that Defendant Rapiejko intentionally hit Plaintiff with his vehicle in disregard of the threat that this action caused to Plaintiff.

21. The striking of Plaintiff by Defendant Rapiejko's vehicle is clearly audible in the audio portion of the dash cam video.

22. Defendant Rapiejko's vehicle comes to a stop when he crashed into a concrete wall immediately after striking Plaintiff.

23. Plaintiff received significant injuries after being intentionally struck by Defendant Rapiejko's vehicle, including a skull fracture and other head injuries, as well as abrasions on his forehead, neck, shoulder, back,   arms and legs.

24. Since being intentionally struck by Defendant Rapiejko's vehicle Defendant has continued to suffer painful headaches, has lost his sense of smell and taste and now has trouble reading and with his short term memory.

25. Defendant Rapiejko's actions shock the conscience and were not objectively reasonable.

26. Each Defendant acted or failed to act in a manner that contributed to the violations of the law set out below.  They participated in a common operation that resulted in the above described

violation of Plaintiff's civil rights, or allowed acts to be set in motion that they knew or should have known would lead to these injuries and illegal consequences.

27.    As a direct and proximate result of the above acts of the Defendants, Plaintiff suffered the following injuries and damages:

A)  Violation of his constitutional rights under color of state law:

B)  Physical, mental and emotional pain and suffering:

**COUNT ONE**
(42 U.S.C. § 1983 Against Defendant Rapiejko – Excessive Force)

28.    Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

29.    Plaintiff claims damages under 42 U.S.C. §1983 against Defendant Rapiejko for violating his civil rights under color of state law through the use and application of excessive force.

30.    As a direct and proximate result of Defendant's actions, Plaintiff suffered loss of his freedom, mental anguish, and emotional and financial losses.

**COUNT TWO**
(Constitutional Violations - Fourth and Fourteenth Amendments Claim Against All Defendants)

31.    Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

32.    Plaintiff claims damages under the Fourth and Fourteenth Amendments to the United States Constitution for violation of his right to be free from unreasonable search and seizure and from excessive force that was objectively unreasonable.

33.     As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of his freedom, mental anguish, and emotional and financial losses.

### COUNT THREE

(State Law Claim for Assault Against Defendant Rapiejko)

34.     Plaintiff restates and incorporates by reference each and every allegation contained in the foregoing paragraphs, as though fully set forth herein.

35.     Defendant Rapiejko, through his conduct intended to cause harm or offensive contact with Plaintiff caused Plaintiff immediate apprehension of harm or offensive contact and caused physical harm and injury to Plaintiff as a result of this offensive contact.

36.     As a direct and proximate result of Defendant's actions, Plaintiff suffered loss of his freedom, mental anguish, and emotional and financial losses.

### CLAIM FOR RELIEF

WHEREFORE, the Plaintiff asks that this court grant him the following relief:

a.  General damages against Defendants in an amount to be determined upon consideration of the evidence;

b.  Punitive damages against Defendants in an amount to be determined upon consideration of the evidence;

c.  Costs of this suit;

d.  Attorney's fees pursuant to applicable statutes, including, inter alia, 42 U.S.C. §§ 1983 and 1988;

a.  Granting any and all other relief that the court deem appropriate.

- 6 -

JURY TRIAL DEMANDED

REPECTFULLY SUBMITTED this 15th day of February, 2016.

_s/Paul Gattone_____
Paul Gattone
Attorney for Plaintiff