**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Valencia,<br><br>    Plaintiff,<br><br>v.<br><br>Town of Marana, et al.,<br><br>    Defendants. | No. CV-16-00087-TUC-RCC<br><br>**ORDER** |

Pending before the Court is Defendants Motion for Summary Judgment. (Doc. 16.) On June 28, 2016, the Court stayed this case pending the conclusion of Plaintiff's state criminal proceedings. (Doc. 14.) The Court informed the parties:

> If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted **within thirty days** of the disposition of the criminal charges, unless an appeal is filed. If an appeal is filed, any request to lift the stay must be filed **within thirty days** of completion of the appellate process. Failure to comply with these deadlines may result in dismissal of this action.

*Id.* at 1 (emphasis in original). While still stayed, Defendants filed the pending Motion for Summary Judgment on November 4, 2016. (Doc. 16.) The Motion indicates that Plaintiff was convicted on October 4, 2016. (Doc. 16 at 1.) Plaintiff did not request the stay be lifted, and the Court never granted a lift of the stay. However, on January 2, 2017, Plaintiff filed an answer to the Motion for Summary Judgment (Doc. 22), and Defendants filed a reply on January 12, 2017 (Doc. 26.) Plaintiff appealed one of his convictions, and the Arizona

Court of Appeals affirmed the conviction in a memorandum decision. (Doc. 31-1 at 2-6.) The mandate issued on May 15, 2018. (Doc. 311 at 8-9.) In fact, Plaintiff still has not requested the stay be lifted or notified the Court that he intends to proceed with this matter. This case shall be dismissed because Plaintiff did not indicate to the Court that he wanted the stay lifted, or that he was going to continue with his case in a timely manner. However, even if the Court lifted the stay, Plaintiff cannot survive summary judgment.

The United States Supreme Court in *Heck v. Humphrey* explicitly held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Plaintiff's aggravated assault convictions for use of deadly weapon and aggravated assault on a police officer pursuant to Ariz. Rev. Stat. §§ 13-1204(A)(2), (C) permitted Officer Rapiejko to use deadly force under state statute. Ariz. Rev. Stat. § 13-410(C). Therefore, a judgment in favor of Plaintiff in this matter would only be possible if it negated an element of Plaintiff's conviction: that is, that Plaintiff used a deadly weapon or dangerous instrument. Furthermore, Plaintiff cannot recover for damages because his conviction has not been reversed, expunged, or declared invalid. There is no genuine issue

of material fact as to whether Plaintiff has demonstrated that his rights have been violated because of the application of excessive force.

Accordingly, IT IS ORDERED Defendants' Motion for Summary Judgment is GRANTED and this case is DISMISSED. (Doc. 16.)

Dated this 6th day of March, 2019.

Honorable Raner C. Collins
United States District Judge